# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| PAICE LLC,<br><br>            Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>            Defendant. | Case No.: _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Paice LLC, by and through the undersigned attorneys, hereby files this Complaint against the above-named defendant requesting damages and other relief based upon its personal knowledge as to its own facts and circumstances, and based upon information and belief as to the acts and circumstances of others.

## PARTIES

1. Plaintiff Paice LLC ("Paice") is a Delaware limited liability company having its principal place of business at 22957 Shady Knoll Drive, Bonita Springs, FL 34135.

2. Upon information and belief, Defendant Ford Motor Company ("Ford") is a Delaware corporation having its principal place of business at 1 American Road, Dearborn, MI 48126.

## FACTUAL BACKGROUND

3.     Paice is the owner by assignment of all right, title, and interest in and to United States Letters Patent No. 5,343,970 ("the '970 patent"), entitled "HYBRID ELECTRIC VEHICLE." (Exhibit 1). The '970 patent was duly and legally issued by the United States Patent and Trademark Office on September 6, 1994.  The '970 patent teaches and discloses, among other things, the use of high voltage and low current in hybrid electric vehicles.

4.     In June 2004, Paice sued Toyota Motor Corporation, Toyota Motor North America, Inc., and Toyota Motor Sales, U.S.A., Inc. in this jurisdiction for the Toyota Defendants' alleged infringement of three Paice patents, including the '970 patent. *See Paice v. Toyota Motor Corp. et al.*, Civ. Act. No. 04-cv-211 (E.D. Tex.).

5.     In December 2005, a jury in this jurisdiction found that the Toyota Defendants had been making, using, selling, or offering for sale within the United States, or importing into the United States hybrid vehicles that infringe the '970 patent, namely the Toyota Prius II, Toyota Highlander hybrid SUV and Lexus RX400h hybrid SUV. The jury verdict on liability subsequently has been affirmed on appeal by the United States Court of Appeals for the Federal Circuit.

6.     On December 28, 2005, approximately one week after the jury verdict against the Toyota Defendants, Ford filed a declaratory judgment lawsuit against Paice in the United States District Court for the Eastern District of Michigan (Southern Division). That suit sought a declaration, *inter alia,* that all of the patents at issue in the Toyota

litigation, including the '970 patent, were invalid and not infringed by Ford. *See Ford Motor Corp. v. Paice LLC*, Civ. Act. No. 05-cv-74904 (E.D. Mich.).

7. In particular, Ford averred in its Complaint that it had a reasonable apprehension of suit because, *inter alia*, (1) Ford and Paice had been involved in earlier licensing negotiations that had broken down and that (2) Ford at the time sold a hybrid vehicle (called the Escape) that was based on a planetary gear system purchased from Aisin, an entity that is closely affiliated with Toyota.

8. Paice moved to dismiss the Ford Complaint for lack of a justiciable controversy. On February 16, 2007, the district court granted Paice's motion, finding that Ford had failed to meet its burden to demonstrate that it had a reasonable apprehension of imminent suit based on the facts in existence at that time.

9. After the December 2005 declaratory judgment lawsuit had been dismissed, Ford began selling the Ford Fusion hybrid vehicle. On information and belief, the Fusion hybrid *inter alia,* uses a "variable voltage booster" that raises the voltage from the hybrid battery that is supplied to the electric motors in the hybrid vehicle.

## JURISDICTION AND VENUE

10. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction over this action under 28 U. S. C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over Ford because, among other things, Ford has directly infringed, contributed to the infringement of, and actively induced infringement of Paice's patent within this judicial district by using, offering for sale and/or selling its Ford Fusion hybrid electric vehicle.

12. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b) because Ford has committed acts of infringement in and is subject to personal jurisdiction in this judicial district.

## COUNT I: FORD'S INFRINGEMENT OF U.S. PATENT NO. 5,343,970

13. Paice incorporates paragraphs 1-12 as if fully set forth herein.

14. On information and belief, Ford has made, used, sold, or offered for sale within the United States its Ford Fusion hybrid.

15. On information and belief, the Ford Fusion hybrid directly infringes at least claims 7-8, 25, and 39 of the '970 patent.

16. By, among other things, distributing or offering for sale the Ford Fusion hybrid and manuals that teach third parties to operate the vehicle in a manner that directly infringes the '970 patent, Ford has been and now is contributing to and actively inducing the infringement of the '970 patent by others.

17. Ford has actual knowledge of the '970 patent and its infringement is willful.

18. Ford's past and continued acts of infringement have injured Paice, and thus Paice is entitled to recover damages adequate to compensate for that infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Paice LLC prays that this Court enter judgment:

a) declaring that the Ford Fusion hybrid infringes United States Patent No. 5,343,970;

b) awarding plaintiff damages resulting from Ford's infringement adequate to compensate for that infringement;

    c)  awarding plaintiff treble damages from the Ford's willful infringement;

    d)  declaring this to be an exceptional case under 35 U.S.C. § 285;

    e)  awarding plaintiff costs in this action, together with reasonable attorney's fees and pre-judgment and post-judgment interest; and

    f)  granting plaintiff such other relief as this Court deems just and proper.

Paice respectfully demands trial by jury on all issues so triable.

Respectfully submitted,

Dated: May 7, 2010

By: /s/ Ruffin B. Cordell
Samuel F. Baxter (Bar No. 01938000)
McKOOL SMITH P.C.
505 East Travis Street, Suite 105
Marshall, Texas 75670
(903) 927-2111
(903) 927-2622

Of Counsel:

Ruffin B. Cordell (Bar No. 04820550)
Linda L. Kordziel
Ahmed J. Davis
Jonathon R. Putman
FISH & RICHARDSON P.C.
1425 K Street, N.W., 11th Floor
Washington, DC 20005
(202) 783-5070 (phone)
(202) 783-2331 (facsimile)

Robert E. Hillman
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110

6

                                             (617) 542-5070 (phone)
                                             (617) 542-8906 (facsimile)

                                             John S. Goetz
                                             FISH & RICHARDSON P.C.
                                             153 East 53rd Street
                                             New York, NY 10022

                                             Attorneys for Plaintiff PAICE LLC